COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 17, 2020

Sean J. Bellew, Esquire
Bellew LLC
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, Delaware  19808

Sean A. Meluney, Esquire
Matthew D. Beebe, Esquire
Benesch, Friedlander, Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801

David B. Anthony, Esquire
Berger Harris LLP
1105 North Market Street, Suite 1100
Wilmington, Delaware 19801

RE: ***DG BF, LLC, et al., v. Michael Ray, et al.***,
C.A. No. 2020-0459-MTZ

Dear Counsel:

Plaintiffs DG BF, LLC ("DG BF") and Jeff A. Menashe (collectively, "Plaintiffs") applied for certification of an interlocutory appeal from the letter opinion issued July 9, 2020 (the "Letter Opinion")[1] and to stay all proceedings applying the Letter Opinion pending appeal.[2] The Letter Opinion denied Plaintiffs' motion for a declaratory judgment and determined Section 14.2(b)(ii) of the

---

[1] Docket Item ("D.I.") 35 [hereinafter, the "Letter Opinion"].

[2] D.I. 38−40.

Operating Agreement[3] does not require AGR to seek approval from the Series D

Manager in order to amend the Operating Agreement and issue Series E financing

with a preference over Series D unitholders in the liquidation distribution. For the

following reasons, I deny Plaintiffs' application.

### I. Background

On June 11, 2020, Plaintiffs filed their Complaint, motion to expedite, and

motion for a status quo order.[4] I heard oral argument on the motion to expedite and

motion for a status quo order on June 26.[5] Applying the standard for a temporary

restraining order, I granted a TRO enjoining the closing, but not the shopping, of the

Series E financing, pending a decision on Count VII regarding what the Operating

Agreement requires for approving Series E financing with a liquidation preference

above Series D unitholders. I expedited Count VII in view of the timeline AGR

estimated for closing the Series E financing. The parties briefed their positions on

Count VII, and I heard argument on July 6.[6]

---

[3] Capitalized terms not defined herein have the meaning set forth in the Letter Opinion.

[4] D.I. 1–3.

[5] D.I. 28.

[6] D.I. 34.

On July 9, I entered the Letter Opinion denying Plaintiffs' motion for declaratory judgment. I terminated the TRO and permitted Defendants to move forward in closing the Series E financing. Defendants have moved forward with closing the Series E financing, which is anticipated to raise between $3.5 million and $5 million,[7] and expect the initial closing on part of the Series E financing to occur on Monday, July 20.[8]

On July 7, over 60% of the Series D unitholders, accounting for approximately 98% of the Series D units held by those other than DG BF, voted to remove Menashe as Series D Manager and to appoint Ryan Hudson as the new Series D Manager.[9] Following this removal, on or about July 16, the Board of Managers, including Hudson, unanimously approved the Series E financing by written consent.[10] Thus, while AGR in accordance with the Letter Opinion does not believe the Series D Manager's consent is necessary for the Series E financing to proceed,[11] AGR has obtained the consent Menashe contended it needed.[12]

---

[7] D.I. 41 ¶ 5.

[8] D.I. 41 ¶ 4.

[9] D.I. 38, Ex. A to Declaration of Gerard P. Fox.

[10] D.I. 41, Ex. A to Declaration of Vladimir Efros.

[11] D.I. 41 at 2, 7.

[12] D.I. 41, Ex. A to Declaration of Vladimir Efros.

## II. Analysis

Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[13] "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[14] Under Supreme Court Rule 42(b)(iii), this Court's analysis should include whether:

> (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.[15]

---

[13] Supr. Ct. R. 42(b)(i).

[14] Supr. Ct. R. 42(b)(ii).

[15] Supr. Ct. R. 42(b)(iii).

After considering the Supreme Court Rule 42(b)(iii) factors and the Court's "own assessment of the most efficient and just schedule to resolve the case," the Court "should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[16]

The issues Plaintiffs raised in their declaratory judgment claim are now moot: the consent they sought has been obtained. Accordingly, Plaintiff cannot show that "a substantial issue of material importance merits appellate review before a final judgment,"[17] as required under Supreme Court Rule 42(b)(i).[18] "Mootness arises when controversy between the parties no longer exists such that a court can no longer grant relief in the matter."[19] "The "actual controversy" requirement is the foundation for the mootness doctrine, which provides for dismissal of litigation if the alleged threatened injury no longer exists."[20] "An actual controversy must exist

---

[16] Supr. Ct. R. 42(b)(iii).

[17] Supr. Ct. R. 42(b)(i).

[18] Supr. Ct. R. 42(b)(i).

[19] *Mentor Graphics Corp. v. Shapiro*, 818 A.2d 959, 963 (Del. 2003).

[20] *Energy P'rs, Ltd. v. Stone Energy Corp.*, 2006 WL 2947483, at *6 (Del. Ch. Oct. 11, 2006).

for declaratory judgment jurisdiction."[21]  AGR's Series D Manager has consented to the Series E financing, as Menashe thought they must.  Menashe is no longer the Series D Manager, so Menashe cannot presently claim his consent is required.[22] The requirement of Supreme Court Rule 42(b)(i) that "a substantial issue of material importance [must] merit[] appellate review before a final judgment,"[23] cannot be satisfied and on this requirement alone Plaintiffs' application is denied.

Although not dispositive, I also consider the factors listed under Supreme Court Rule 42(b)(iii) for completeness.  Plaintiffs address only Supreme Court Rule 42(b)(iii)(G) and (H) as favoring their application.  Neither the factors Plaintiffs

---

[21] *Id.*

[22] In a filing that Plaintiffs submitted after Defendants' response, Plaintiffs contend that they intend to pursue relief under 8 *Del. C.* § 225 challenging the propriety of Menashe's removal.  (Upon being accepted by the Register in Chancery, it appears this letter will be docketed at D.I. 42.)  Plaintiffs contend that a stay is necessary pending adjudication of Menashe's removal and the validity of Hudson's consent, so that Defendants do not obtain the Series E financing at issue through additional allegedly improper machinations.  While I understand this argument from a practical perspective, it is procedurally improper for me to consider it, for several reasons.  First, Plaintiffs' July 14 application acknowledged Menashe's removal and attached the written consent as an exhibit. D.I. 38.  Under Supreme Court 42(c), this application is the only filing contemplated for Plaintiffs.  But Plaintiffs did not take issue with Menashe's removal in that application, and did not seek a stay pending the adjudication of its propriety.  Plaintiffs waived that request.  Second, Plaintiffs' July 17 submission seeks a stay pending an as-yet-unfiled Section 225 petition, without providing any authority to enter such a stay.  And third, and most fundamentally, because the legal issue Plaintiffs seek to appeal is moot, it cannot be appealed solely to provide a foothold for a stay.

[23] Supr. Ct. R. 42(b)(i).

address, nor the six others, support an interlocutory appeal. My analysis, by factor,

follows:

A.    The appeal does not involve a question of law resolved for the

first time in Delaware. The declaratory judgment claim involves a

straightforward issue of contract interpretation. This element weighs

against certifying the interlocutory appeal.

B.    Trial court decisions do not conflict on this question of law.

Plaintiffs have not identified any Delaware decision at odds with the

Letter Opinion. This element weighs against certifying the

interlocutory appeal.

C.    The question of law does not relate to the constitutionality,

construction, or application of a statute of this State, which has not been,

but should be, settled by the Supreme Court in advance of an appeal

from a final order and Plaintiffs identify none. This element weighs

against certifying the interlocutory appeal.

D.    The Letter Opinion does not sustain the controverted jurisdiction

of the trial court and Plaintiffs do not argue that it does. This element

weighs against certifying the interlocutory appeal.

E.    The Letter Opinion does not reverse or set aside a prior decision

of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and review of the interlocutory order will not terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice. Plaintiffs do not address this element. This element weighs against certifying the interlocutory appeal.

F.      The Letter Opinion does not vacate or open a judgment of the trial court. Plaintiffs do not address this element. This element weighs against certifying the interlocutory appeal.

G.      Review of the Letter Opinion will not terminate the litigation. The Letter Opinion disposes of the declaratory judgment count, but does not address the seven counts still pending in this litigation. An interlocutory appeal would likely prolong this litigation not terminate it. This element weighs against certifying the interlocutory appeal.

H.      Because the declaratory judgment issue is moot, considerations of justice do not support certification. Plaintiffs contest the mootness of this issue and the considerations of justice that would be served on appeal. Even if this issue were not moot, I would find this factor neutral. Plaintiffs contend that if the Series E financing proceeds, their

consent right will be removed and they will suffer irreparable harm. AGR contends it will be irreparably harmed if the Series E financing is further delayed because the Company is in need of an immediate cash injection in light of the Company's stark financial state. Balancing these considerations, I find the factor neutral regardless of mootness.

Considering all of the factors under Supreme Court Rule 42(b)(iii), the balance weighs against certifying the interlocutory appeal. I deny certification and correspondingly the stay of all proceedings applying the Letter Opinion pending appeal.

### III. Conclusion

For the following reasons, I deny Plaintiffs' application for certification of an interlocutory appeal and to stay all proceedings applying the Letter Opinion pending appeal. To the extent an order is required to implement this decision, **IT IS SO ORDERED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*